UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mark Tyrrell, Mark Carter,
and Keshia Wallis, individually
and on behalf of all other
similarly situated persons

    v.                             Civil No. 09-cv-243-JD
                                       Opinion No. 2010 DNH 010

Nicholas Toumpas, Commissioner
of the New Hampshire Department
of Health and Human Services,
in his official capacity


O R D E R

Mark Tyrrell, Mark Carter, and Keshia Wallis sued Nicholas Toumpas, Commissioner of the New Hampshire Department of Health and Human Services ("DHHS"), in his official capacity, alleging that he violated their rights under 42 U.S.C. § 1396a(a)(10)(A)(i)(II), a federal statute pertaining to disability benefits. In addition to suing on their own behalf, the plaintiffs purport to represent a class of similarly situated persons, and move for class certification. Toumpas moves to dismiss the complaint, arguing that it is moot. He also objects to class certification on the same basis.[1]

---

[1] Although Toumpas filed an objection to the motion for class certification, he did not attach a memorandum of law to his objection and instead asked the court to deny certification

Background

In their amended complaint,[2] the plaintiffs state that the federal Social Security Administration determined that each of them was disabled and granted them Supplemental Security Income benefits ("SSI"). The plaintiffs also aver that they applied to DHHS for Aid to the Permanently and Totally Disabled (APTD). The amended complaint states that Tyrrell's application was initially denied in April 2009 because DHHS "determined that [his] medical condition [was] not expected to remain severe enough to keep [him] from working for 48 months in a row." Am. Compl. ¶ 17. On August 18, however, DHHS informed Tyrrell that he was eligible for APTD. Similarly, DHHS denied Carter's and Wallis's applications in March of 2009 and October of 2008, respectively, and cited the 48-month disability duration requirement. In his motion to dismiss, Toumpas states that Carter appealed his denial and Wallis reapplied for benefits, and that DHHS found both of them eligible for APTD.

---

"[f]or the reasons set forth in the Motion to Dismiss [on Grounds of Mootness] and supporting Memorandum of Law filed herewith."

[2]Of the current plaintiffs, only Tyrrell was named in the original complaint. That complaint was amended by, inter alia, removing Tyrrell's original co-plaintiff and substituting Carter and Wallis.

Although all three plaintiffs have been found to be eligible for APTD, DHHS informed Tyrrell and Carter by letter that it "urges recipients to seek treatment, which could reduce or eliminate the disability," and that "[f]ailure to do so, without good cause, . . . will result in the loss of [the recipients'] Medicaid benefits."  Pls.' Obj. Exhs. A & B.  In addition, DHHS told Carter that it will review his case in September 2011 to determine whether he is still eligible for Medicaid.

The plaintiffs set forth two claims for relief.  The first alleges that federal law requires New Hampshire "to provide Medicaid coverage 'to all individuals who are receiving aid or assistance' under the SSI program."  Am. Compl. ¶ 31 (citing 42 U.S.C. § 1396a(a)(10)(A)(i)[3]).  The plaintiffs argue that, because they are receiving SSI, § 1396a(a)(10)(A)(i) mandates that they also receive Medicaid.  Therefore, they contend, the failure to provide Medicaid violated their federal statutory rights, and Toumpas is liable, under 42 U.S.C. § 1983, for that violation.

---

[3]In their amended complaint, the plaintiffs cite section 1396a(a)(10)(A)(i)(II), but the quoted language is found in 1396a(a)(10)(A)(i)(I).  Because subsections I and II cover different groups of individuals, the court cannot determine which subsection is intended, and will avoid the issue by referring simply to section 1396a(a)(10)(A)(i).

As their second claim for relief, the plaintiffs allege that N.H. Rev. Stat. Ann. ("RSA") § 167:6(VI) (2009),[4] the statute that codifies the 48-month disability duration requirement, violates the Supremacy Clause, U.S. Const. art. VI.  RSA 167:6(VI) provides that "a person shall be eligible for aid to the permanently and totally disabled who is . . . disabled as defined in the federal Social Security Act, . . . except that the minimum required duration of the impairment shall be 48 months." The plaintiffs state that the disability duration requirement for federal SSI is only 12 months, and that, as discussed above, federal law requires New Hampshire to provide Medicaid to anyone receiving SSI.  Hence, according to the plaintiffs, the 48-month duration requirement excludes some SSI recipients, conflicts with 42 U.S.C. § 1396a(a)(10)(A)(i), and therefore violates the Supremacy Clause.

The plaintiffs also move for class certification under Federal Rule of Civil Procedure 23(a) and (b)(2), arguing that certification would be the most fair and efficient method of adjudication.  The proposed class would consist of:

---

[4]In their amended complaint, the plaintiffs cite section IV of the statute.  That section does not discuss any duration requirement, but section VI does.  The court assumes this was a typographical error.

> All individuals receiving Supplemental
> Security Income ("SSI") who have applied or
> will apply to the New Hampshire Department of
> Health and Human Services for Medicaid
> coverage on the basis of eligibility for Aid
> to the Permanently and Totally Disabled
> ("APTD")[] and have not received Medicaid
> coverage.

Pls.' Memo. at 2.  In support of this, the plaintiffs claim that DHHS identified 1,316 individuals who are currently receiving SSI but not Medicaid, and that the class would include, in addition, individuals who will apply for aid in the future.  The plaintiffs point out that the proposed class members are impoverished and disabled, and therefore participation in a class action is their only feasible avenue for redress.

## Discussion

I.   Motion to Dismiss

Toumpas moves to dismiss the case on the ground of mootness, which raises the issue of the court's subject matter jurisdiction.  Such a jurisdictional challenge is considered under Federal Rule of Civil Procedure 12(b)(1).[5]  See Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001) (explaining that Rule 12(b)(1) "is a large umbrella,

---

[5]The parties mistakenly rely on the standard applicable to Federal Rule of Civil Procedure 12(b)(6).

5

overspreading a variety of different types of challenges to subject-matter jurisdiction . . . [including] mootness") (citations omitted).

Toumpas bases his motion on facts that were not alleged in the complaint, namely, that all three plaintiffs have been found eligible for benefits, so his challenge is factual.  Moreover, "the relevant facts, which would determine the court's jurisdiction, [do not] implicate elements of the plaintiff[s'] cause of action."[6]  Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007).  Therefore, in considering his motion to dismiss, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  "The burden of establishing mootness rests squarely on the party raising it, and '[t]he burden is a heavy one.'"  Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)).

In support of his motion, Toumpas contends that the plaintiffs' claims are moot because each of the plaintiffs has

---

[6]Toumpas's challenge turns on whether DHHS has found the plaintiffs to be eligible for benefits, but the plaintiffs' claims for relief turn on whether DHHS's standard for determining eligibility violates federal law.

been found eligible for APTD.  As a result, Toumpas argues, they can no longer claim to have been harmed by the 48-month duration requirement imposed for Medicaid benefits under RSA 167:6(VI). The plaintiffs counter that their claims are not moot, despite the change in their eligibility for Medicaid.

Federal subject matter jurisdiction requires that an actual case or controversy exist "at all stages of review, not merely at the time the complaint is filed."  Ramírez v. Sánchez Ramos, 438 F.3d 92, 100 (1st Cir. 2006) (quoting Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974)); see also U.S. Const. Art. III, § 2, cl. 1.  As such, "a federal court is duty bound to dismiss the claim as moot if subsequent events unfold in a manner that undermines any one of the three pillars on which constitutional standing rests: injury in fact, causation, and redressability." Ramírez, 438 F.3d at 100.  A claim is moot if, "at some time after the institution of the action, the parties no longer have a legally cognizable stake in the outcome."  Goodwin v. C.N.J., Inc., 436 F.3d 44, 48 (1st Cir. 2006).  A case does not become moot, however, until "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur . . . and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."

Los Angeles County v. Davis, 440 U.S. 625, 631 (1979); see also Ramírez, 438 F.3d at 100.

In his motion to dismiss, Toumpas demonstrates that "all three Plaintiffs have been found medically eligible for APTD, [so] they no longer have a legally cognizable stake in the outcome of this litigation." Deft.'s Mot. to Dismiss at 6. The plaintiffs do not dispute this.

Rather, they argue that, despite the change in their eligibility status, their claims are not moot because DHHS could again deny them benefits under the 48-month duration requirement imposed under RSA 167:6(VI). In support, they submit copies of letters that Tyrrell and Carter received from DHHS stating that, "The Medicaid policy urges recipients to seek treatment, which could reduce or eliminate the disability. Failure to do so, without good cause . . . will result in the loss of your Medicaid benefits." Pls.' Obj. Exhs. A & B (emphasis in original). The letters, they assert, show that DHHS can review their eligibility at some time in the future, which would again put them at risk of being denied benefits due to the 48-month duration requirement. Although the plaintiffs did not submit a similar letter addressed to Wallis, the fact that Tyrrell and Carter received letters with identical language suggests that the review policy applies to all Medicaid recipients, including Wallis.

Toumpas offers no assurance that the 48-month duration requirement will not be imposed during future reviews of the plaintiffs' eligibility for Medicaid benefits.  RSA 167:6(VI) remains in effect.  Based on the tenor of the letters sent by DHHS, it appears that during future reviews the plaintiffs' eligibility for benefits could again be subject to denial under the challenged duration requirement.  Therefore, the plaintiffs retain a "legally cognizable stake in the outcome of this litigation."  <u>Goodwin</u>, 436 F.3d at 48.  Their claims are not moot and Toumpas's motion to dismiss is denied.

II.  <u>Class Certification</u>

In deciding whether to certify a class, "[a] district court must conduct a rigorous analysis of the prerequisites established by [Federal] Rule [of Civil Procedure] 23."  <u>Smilow v. Southwestern Bell Mobile Sys., Inc.</u>, 323 F.3d 32, 38 (1st Cir. 2003) (citing <u>General Tel. Co. v. Falcon</u>, 457 U.S. 147, 161 (1982).  The proposed class representatives bear the burden of "establish[ing] the four elements of Rule 23(a) and one of several elements of 23(b)."  <u>Smilow</u>, 323 F.3d at 38.  Where a fact is asserted as a basis for certification but it is disputed, the court may "look beyond the pleadings in . . . its resolution of the class-certification question."  <u>In re PolyMedica Corp.</u>

Sec. Litig., 432 F.3d 1, 6 (1st Cir. 2005). The court may not, however, decide whether the plaintiffs will prevail on the merits of their case. Id. (construing Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974)).

The plaintiffs seek to represent a class composed of

> All individuals receiving Supplemental Security Income ("SSI") who have applied or will apply to the New Hampshire Department of Health and Human Services for Medicaid coverage on the basis of eligibility for Aid to the Permanently and Totally Disabled ("APTD")[] and have not received Medicaid coverage.

Pls.' Memo. at 3. They move for class certification under Federal Rules of Procedure 23(a) and 23(b)(2). To succeed on the motion for class certification, the plaintiffs must show that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims . . . of the representative parties are typical of the claims . . . of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The plaintiffs must also show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief

is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

    A.    Numerosity

There is no numerical cutoff that determines whether there are so many putative class members that their joinder would be impracticable. Unless the class is very small, "numbers alone are not usually determinative," but "joinder is considered more practicable when all members of the class are from the same geographic area" and "can be easily identified." Andrews v. Bechtel Power Corp., 780 F.2d 124, 131-32 (1st Cir. 1985). Plaintiffs must, however, "provide a basis for their estimate of the total number of [class members]." García-Rubiera v. Calderón, 570 F.3d 443, 360 (1st Cir. 2009) (concluding that plaintiffs' estimate was insufficiently supported but finding numerosity from various figures that were in evidence).

The plaintiffs state that the proposed class consists of at least 1,316 New Hampshire residents who, according to the plaintiffs, have been identified in a report commissioned by DHHS entitled, "Analyzing the Impact of a Proposed Change in the New Hampshire Disability Duration Requirement." The plaintiffs also allege that the class is augmented by an unknown number of individuals who will apply for APTD in the future. Although the

DHHS report might have supported the plaintiffs' attempt at showing numerosity, they failed to submit the report with their motion and therefore their claims of numerosity are unsubstantiated.  See Makuc v. Am. Honda Motor Co., 835 F.2d 389, 394 (1st Cir. 1987) (upholding district court's dismissal of class action count where "plaintiff was unable to provide any evidence that even one other person was injured due to [the defendant's actions]" because "the plaintiff's contention as to the size of the class was purely speculative").

B.   Commonality

The requirement that there be questions of law or fact that are common to the class "is a low bar, and courts have generally given it a 'permissive application.'"  In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d 6, 19 (1st Cir. 2008) (quoting 7A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1763 (3d ed. 2005)).  Here, the plaintiffs state that the common questions of law and fact are that the class members "have been, and will continue to be, denied access to Medicaid" because of DHHS's "policies and practices in administering the APTD program."  Pls.' Memo. at 5.

The plaintiffs' complaint alleges that the 48-month duration requirement in RSA 167:6(VI) violates the Supremacy Clause and

the plaintiffs' federal rights.  The proposed class definition does not explicitly limit the class to those affected by the cited 48-month duration requirement.  Therefore, whether there is commonality between the questions of law and fact presented by the plaintiffs and those that might be presented by the members of the proposed class cannot be determined without further explanation, including an explanation of the proposed class definition.

    C.    Typicality

In order for the plaintiffs' claims to be typical of the claims of the class, the plaintiffs' claims must "arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and [must be] based on the same legal theory."  García-Rubiera, 570 F.3d at 460 (quoting In re Am. Med. Sys., Inc., 75 F.3d 1069, 1082 (6th Cir. 1996)).  The plaintiffs assert that the typicality requirement is met here because their claims and the claims of the class arise from the same unlawful conduct.  They also state that their claims are based upon the same provisions of the Medicaid Act and supporting regulations as those of the proposed class.

As with their showing of commonality, their showing is insufficient.  The conduct of which the plaintiffs complain is

the application of the 48-month duration requirement, and their legal theories center on that requirement. The proposed class is not limited, on its face, to those who are affected by the 48-month duration requirement. Therefore, the typicality of the plaintiffs' claims cannot be determined in the absence of additional explanation.

    D.    <u>Adequacy</u>

The final requirement of Rule 23(a) consists of two elements: the adequacy of the proposed class representatives and their counsel. "The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to . . . conduct the proposed litigation [vigorously]." <u>Andrews</u>, 780 F.2d at 130.

The plaintiffs have shown that their counsel is adequate. As they indicate, New Hampshire Legal Assistance has experience representing plaintiffs seeking public benefits. <u>See, e.g.</u>, <u>Carter v. Stephen</u>, No. 07-cv-23-SM (D.N.H. Mar. 21, 2008); <u>Desfosses v. Morton</u>, No. 97-cv-625-PB (D.N.H. Dec. 4, 2000). The representation in this case has not been characterized by the "indifference to protecting the interests of [the plaintiffs]"

14

that has led other courts to find counsel inadequate.  <u>Andrews</u>, 780 F.2d at 130.

   The plaintiffs have not shown, however, that their interests and those of the proposed class would not conflict.  In light of the basis of the court's determination that the plaintiffs' claims are not moot, and given the uncertainty in the proposed definition of the class, the adequacy of the plaintiffs as representatives cannot be determined at this time.


   E.   <u>Rule 23(b)(2)</u>

   Although it is likely that this case would be appropriate for certification under Rule 23(b)(2), it would be premature to resolve this issue until the parties have addressed it in light of this order and in the context of the preceding Rule 23(a) factors.

Conclusion

For the foregoing reasons, Toumpas's motion to dismiss (doc. 9) is denied.  The plaintiffs' motion for class certification (doc. no. 6) is denied without prejudice to filing a new motion.

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

January 14, 2010

cc:  Daniel Koslofsky, Esquire
     Laura E.B. Lombardi, Esquire
     Bennett B. Mortell, Esquire
     Nancy J. Smith, Esquire