```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Mark Tyrrell, Mark Carter,
and Keshia Wallis

    v.                                     Civil No. 09-cv-243-JD
                                             Opinion No. 2010 DNH 093

Nicholas Toumpas, Commissioner
of the New Hampshire Department
of Health and Human Services


O R D E R

Mark Tyrrell, Mark Carter, and Keshia Wallis sued Nicholas Toumpas, Commissioner of the New Hampshire Department of Health and Human Services ("DHHS"), in his official capacity, alleging that he violated their rights under 42 U.S.C. § 1396a(a)(10)(A)(i), a federal statute pertaining to disability benefits. The plaintiffs move for judgment on the pleadings or, in the alternative, summary judgment. Toumpas also moves for summary judgment.

In addition to suing on their own behalf, the plaintiffs purport to represent a class of similarly situated persons, and move for class certification. Toumpas does not object.

## Background

The parties state that the facts material to the cross motions for summary judgment are not disputed.  The three plaintiffs applied to DHHS for Aid to the Permanently and Totally Disabled ("APTD").  All three were denied because, according to DHHS, they did not meet one of the eligibility requirements, namely, that "the minimum required duration of the impairment [must] be 48 months."  N.H. RSA § 167:6, VI.  At the time DHHS denied benefits, all three plaintiffs were receiving Supplemental Security Income ("SSI").

## Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary

---

[1] Although the plaintiffs filed a motion for judgment on the pleadings or, in the alternative, summary judgment, the motion will be treated as one for summary judgment only.

2

judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

Ordinarily, when parties file cross-motions for summary judgment, the court must consider the motions separately to determine whether summary judgment may be entered under the Rule 56 standard.  Pac. Ins. Co. v. Eaton Vance Mgmt., 369 F.3d 584, 588 (1st Cir. 2004); Bienkowski v. Northeastern Univ., 285 F.3d 138, 140 (1st Cir. 2002).  In assessing the motions, "the court must determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed."  Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010) (internal quotation marks and citation omitted).

In this case, however, the parties do not dispute the factual basis of the claims and instead present only a legal issue for determination on summary judgment.  As such, the motions present the legal issue as a "case stated," which does not require separate consideration.  See, e.g., Am. Lease Ins. Agency Corp. v. Balboa Capital Corp., 579 F.3d 34, 39 n.5 (1st Cir. 2009); Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 643-44 (1st Cir. 2000).

Discussion

I.  Motions for Summary Judgment

Federal law provides that "[a] State plan for medical assistance must . . . provide . . . for making medical assistance available . . . to all individuals who are receiving aid or assistance under any plan of the State approved under subchapter I, X, XIV, or XVI of this chapter, [or] with respect to whom supplemental security income benefits are being paid under subchapter XVI of this chapter."  42 U.S.C. § 1396a(a)(10)(A)(i)(I) & (II).[2]  A related federal regulation requires states to "provide Medicaid to . . . disabled individuals . . . who are receiving or are deemed to be receiving SSI."  42 C.F.R. § 435.120.  If, however, "the agency does not provide Medicaid under § 435.120 to . . . disabled individuals who are SSI recipients, the agency must provide Medicaid to . . . disabled individuals who meet [certain more restrictive] eligibility requirements."  42 C.F.R. § 435.121(a)(1).  New Hampshire RSA 167:6, VI provides that "a person shall be eligible for [APTD] who . . . is disabled as defined in the federal Social

---

[2] Although the plaintiffs cite only subsection 1396a(a)(10)(A)(i)(II) in their amended complaint, they cite both subsections (I) and (II) in their motion for summary judgment. The court does not resolve whether only one or both subsections are applicable to the facts of this case, because the question is immaterial for purposes of the motions for summary judgment.

Security Act . . . except that the minimum required duration of the impairment shall be 48 months."  "The more restrictive requirements may be no more restrictive than those requirements contained in the State's Medicaid plan in effect on January 1, 1972."  42 C.F.R. § 435.121(a)(2).

On January 1, 1972, Hampshire's Medicaid plan provided that, for the purpose of determining eligibility for APTD, "[a] person is <u>permanently and totally disabled</u> who has some <u>permanent physical</u> impairment."  Title XIX Plan - Permanent and Total Disability, D-4800(1), Deft.'s Memo., Exh. A-1 (emphasis in original).  The plan defined "permanent" as being "of such a nature that it is expected to continue throughout the individual's lifetime and is not likely to improve."  <u>Id.</u>  The relevant provisions of the plan were codified in sections 7555 and 7560.1 of the June 1, 1968, version of New Hampshire's Medical Assistance Manual.  <u>See</u> Pls.' Obj., Exh. A.

The plaintiffs argue that 42 U.S.C. § 1396a(a)(10)(A) requires New Hampshire to provide Medicaid coverage to anyone receiving SSI benefits, and that New Hampshire's 48-month duration requirement conflicts with this federal law.  They allege that Toumpas violated their rights under § 1396a(a)(10)(A)

when he denied their applications for APTD on the basis of the 48-month duration requirement.[3]

Toumpas argues that summary judgment should be granted in his favor because New Hampshire's 48-month duration requirement comports with federal law. Specifically, he points to 42 C.F.R. § 435.121(a)(2), which allows DHHS to "elect to apply more restrictive eligibility requirements to the aged, blind, and disabled . . . than those of the SSI program." Toumpas acknowledges that the state's eligibility requirements "may be no more restrictive than those requirements contained in the State's Medicaid plan in effect on January 1, 1972." Id. He argues that the 48-month duration requirement complies with the federal regulation because New Hampshire's plan in effect on January 1, 1972, required a recipient's disability to be "permanent," defined as "expected to continue throughout the individual's lifetime." Title XIX Plan - Permanent and Total Disability, D-4800(1), Deft.'s Memo., Exh. A-1.

---

[3] In their amended complaint, the plaintiffs also claim that RSA 167:6, VI conflicts with 42 U.S.C. § 1396a(a)(10)(A) and 42 C.F.R. § 435.120, and that the New Hampshire statute is therefore preempted by the Supremacy Clause, U.S. Const. art. VI. In their motion for summary judgment, however, the plaintiffs devote only two sentences to their preemption claim. As presented, the claim appears to be essentially the same as the plaintiffs' claim for violation of their federal rights. As such, the discussion below applies to both of the plaintiffs' claims for relief.

The current duration requirement, 48 months, is less restrictive than the duration requirement in 1972, which required that the impairment must be expected to last throughout the applicant's life.

The plaintiffs agree that the language quoted by Toumpas requiring the disability to be expected to last throughout the applicant's life had been part of the Medicaid plan prior to January 1, 1972.  They contend, however, that certain eligibility provisions of the plan, which include the duration requirement, were found to be illegal in Boisvert v. Zeiller, 334 F. Supp. 403 (D.N.H. 1971).  Because the Boisvert order issued on November 12, 1971, they argue, the New Hampshire Medicaid plan in effect on January 1, 1972, did not contain any valid duration requirement. According to the plaintiffs, the current 48-month duration requirement is more restrictive than no duration requirement, and it therefore violates 42 C.F.R. § 435.121 and 42 U.S.C. § 1396a.

In Boisvert, a mentally handicapped woman sought financial assistance from New Hampshire to cover expenses she incurred for dental work.  334 F. Supp. at 404-05.  The Division of Welfare denied her application for benefits because her impairment was mental, not physical, as required by New Hampshire Welfare Regulations 7555 and 7560.1.  The plaintiff sued Division of Welfare officials, arguing that the definition of "permanently

and totally disabled" contained in sections 7555 and 7560.1 violated federal law. Pointing to the phrase "permanent <u>physical</u> impairment," she argued that "this attempt to limit the class of persons qualifying for medical assistance . . . to those with a physical impairment [was] invalid because inconsistent with certain provisions of [42 U.S.C. § 1396a] and the regulations issued thereunder." <u>Id.</u> at 408 (emphasis in original).

In evaluating the plaintiff's claim, the court examined 45 C.F.R. § 233.80(a)(1) (1971), which required that the state plan "'[c]ontain a definition of permanently and totally disabled, showing that: (i) "Permanently" is related to the duration of the impairment or combination of impairments; and (ii) "Totally" is related to the degree of disability.'" <u>Id.</u> at 409 (quoting 45 C.F.R. 233.80(a)(1)). The court noted that the regulation required state plans to define "permanently" and "totally," but that, "[n]owhere in the federal statute, in the applicable regulations, or in the legislative history is there any indication that participating states may specify elements of permanent and total disability that do not relate either to the duration or the degree of the impairment." <u>Id.</u> at 410. Because New Hampshire's requirement that the disability be physical was not related either to duration or degree, the court concluded, the exclusion of those with mental disabilities was illegal, and

the plaintiff was entitled to receive the benefits she sought. Id. at 410-11.

The last sentence of the Boisvert order grants the following relief: "Judgment will be entered for the plaintiff declaring that sections 7555 and 7560.1 of the regulations of the State of New Hampshire, Department of Health and Welfare, found in the New Hampshire Medical Assistance Manual, are inconsistent with Title XIX of the Social Security Act and the [federal] regulations adopted thereunder, and are consequently void and unenforceable." Id. at 411. Despite the broad language of the Boisvert court's conclusion, it cannot be read to mean that all of sections 7555 and 7560.1 were illegal. Rather, the court's reasoning rested squarely on the presence of the word "physical" in those sections, and the fact that the plan rendered those with mental disabilities, like the plaintiff, ineligible for medical assistance. Read in the context of the rest of the case, the concluding language does not operate to strike sections 7555 and 7560.1 in their entirety, but rather only to the extent those sections limit assistance to those with physical--as opposed to mental--disabilities. The court did not address the duration requirement contained in those sections, and therefore the

duration requirement was lawfully and validly in effect on January 1, 1972.[4]

The 48-month duration requirement contained in New Hampshire RSA 167:6, VI is less restrictive than the duration requirement in effect on January 1, 1972.  Therefore, RSA 167:6, VI does not violate 42 U.S.C. § 1396a(a)(10)(i)(I) or (II), 42 C.F.R. § 435.120.  Because RSA 167:6, VI does not conflict with federal law, it also does not violate the Supremacy Clause of the United States Constitution.  Summary judgment will enter in favor of Toumpas.

II.  The Plaintiffs' Motion for Class Certification

Because summary judgment will be entered in favor of Toumpas, the plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) is moot.

---

[4]The court notes that if Boisvert were read as plaintiffs urge, the state plan in effect on January 1, 1972, would lack any definition of the phrase "permanently and totally disabled" or the word "permanently."  Under the reasoning in Boisvert, such a state plan would violate federal law because 45 C.F.R. § 233.80(a)(1), requiring a definition of those terms, was "phrased in obligatory rather than in permissive terms."  334 F. Supp. at 410.

Conclusion

For the foregoing reasons, the plaintiffs' motion to certify a class (document no. 16) is denied, the plaintiffs' motion for summary judgment (document no. 17) is denied, and the defendant's motion for summary judgment (document no. 18) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                          /s/ Joseph A. DiClerico, Jr.
                          Joseph A. DiClerico, Jr.
                          United States District Judge

June 2, 2010

cc:   Daniel Koslofsky, Esquire
      Laura E.B. Lombardi, Esquire
      Bennett B. Mortell, Esquire
      Nancy J. Smith, Esquire